**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

In re:

Wilbur Arnold Young

Debtor.

Case No. 25-13544 MER

Chapter 7

**ORDER DENYING MOTION TO CONVERT**

THIS MATTER comes before the Court on the Debtor's Motion to Convert Chapter 7 to Chapter 13 Pursuant to 11 U.S.C. § 1307(a) ("**Motion**"), the Chapter 7 Trustee's objection thereto, and the Joinder to Trustee's Objection filed by Good Neighbor Solutions, LLC ("**Good Neighbor**").[1]

**BACKGROUND**

The Debtor commenced the instant case on June 10, 2025, under Chapter 7 of the Bankruptcy Code.  The Debtor filed the instant Motion on February 4, 2026, requesting that his case be converted to a Chapter 13 pursuant to 11 U.S.C. § 1307(a). The Debtor's only arguments in support of his request are that he does not want to lose a duplex he owns located at 921 Emporia Street, Aurora, Colorado 80010 (the "**Property**") and that he wants to cure the arrears on a mortgage loan owed to New Century Mortgage, which the Property secures.  The Chapter 7 Trustee ("**Trustee**") objected to the Motion.  In his objection, the Trustee asserts the Debtor's request to convert his case is made in bad faith and that the information on Debtor's Schedules I and J demonstrates he does not have the means to make the $350.00 plan payment he proposes in the Chapter 13 Plan (the "**Plan**") he filed along with the Motion.[2]  Good Neighbor joined the Trustee's objection and doesn't assert any additional arguments.

On March 4, 2026, the Court gave notice to the parties that a status conference regarding whether an evidentiary hearing on the Motion is needed would take place on March 10, 2026, at 2:30 p.m.[3]  Neither the Debtor nor Debtor's counsel appeared at the hearing.[4]  During the hearing, the Trustee advised the Court he believes that the Court can rule on the Motion based on the pleadings and that an evidentiary hearing isn't

---

[1] ECF Nos. 71, 77, & 78.

[2] ECF No. 73.

[3] ECF No. 81.

[4] ECF No. 85. The Court notes this is not the first hearing the Debtor and/or his counsel have failed to appear at. Debtor's counsel also failed to appear at the January 12, 2026, hearing regarding the Trustee's Motion to Compel. ECF No. 57.

necessary.  Because neither the Debtor nor his counsel was present to defend the Motion, the Court decided it would rule on the pleadings.  Based on the pleadings, the Court denied the Motion at the hearing.[5]  The Court's decision to deny the Motion is outlined in more detail below.

## ANALYSIS

Conversion of a case from Chapter 7 to one under Chapter 13 depends on two things: (1) whether the debtor is eligible to be a debtor under Chapter 13; and (2) whether the case, if converted, would be dismissed under § 1307(c) for bad faith or otherwise.[6]  "Section 109(e) sets forth certain requirements for debtors to be eligible under Chapter 13."  One requirement is that a debtor must be an "individual with regular income."[7]  Section 101(30) defines "individual with regular income" as "an individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13."[8]  Even if a debtor meets the requirements of § 109(e), "the right to convert is not absolute where cause may exist to convert or dismiss under the chapter to which the debtor seeks conversion or when denial of a conversion motion would serve to prevent an abuse of process."[9]  In a Chapter 13 case, cause may exist to dismiss a debtor's case or convert it to a Chapter 7 case for, among other things, denial of confirmation of a plan.[10]  Plan confirmation may be denied if the plan is not proposed in good faith.[11]  A determination of good faith for purposes of § 1325(a)(3) is made on a case-by-case basis, considering the totality of the circumstances.[12]  While some courts still use the eleven factors outlined in *Flygare v. Boulden* to assess good faith, the Tenth Circuit has adopted a more narrow focus since the addition of § 1325(b).[13]  Now, a bankruptcy court considers: (1) whether the debtor has stated his debts and expenses accurately; (2) whether he has made any fraudulent

---

[5] *Id.* Because Debtor's counsel wasn't present, the Court did not make a determination regarding his Motion to Withdraw at the hearing.

[6] *In re Johnson*, 634 B.R. 806, 814 (Bankr. D. Colo. 2021) (quoting *In re McDonald*, 508 B.R. 187, 204 (Bankr. D. Colo. 2014) (quotations omitted).  Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code unless otherwise stated.

[7] *In re Wood*, 601 B.R. 754, 762 (Bankr. W.D. Ky. 2019).

[8] 11 U.S.C. § 101(30).

[9] *In re Wood*, 601 B.R. at 762 (citing *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 372-75 (2007)).

[10] 11 U.S.C. § 1307(c).

[11] *Id.* at § 1325(a)(3).

[12] *Anderson v. Cranmer*, 697 B.R. 1314, 1318 (10th Cir. 2012) (*citing Flygare v. Boulden*, 709 F.2d 1344, 1347 (10th Cir. 1983)).

[13] *In re Plese*, 661 B.R. at 160; *Cranmer*, 697 B.R. at 1319 n.5 ("Since *Flygare* was decided, however, the Bankruptcy Code was amended to include 11 U.S.C. 1325(b) . . . Section 1325(b)'s 'ability to pay' criteria subsumes most of the *Estus* factors and, therefore, the good faith inquiry now has a more narrow focus.")

2

misrepresentation to mislead the bankruptcy court; or (3) whether he has unfairly manipulated the Bankruptcy Code.[14]

The Trustee does not dispute the Debtor can be a debtor under Chapter 13.  As such, the first prong of the test is met.  Instead, the Trustee argues the Debtor's case would likely be dismissed or reconverted if it were converted to a Chapter 13.  The Court agrees.  If the case were converted, it is unlikely that the Debtor's current Plan would be confirmed for several reasons, including that it is not currently feasible.  The Plan contemplates a monthly plan payment of $350.00.[15]  However, the Debtor's income on Schedule I is only $1,120.00 per month, while the expenses on his Schedule J amount to $3,567.00 per month.[16]  This means the Debtor would not be able to make the $350.00 plan payment, let alone **any** plan payment.  The Plan also does not account for the payment of Good Neighbor, nor the Trustee's administrative fees.  Further, the Plan appears to have been proposed in bad faith because the Debtor has not accurately stated his debts.  Indeed, the Trustee asserts, and the Debtor does not dispute, that the Debtor is aware of other creditors he did not include on his schedules.  The Debtor was even ordered to amend his schedules to include the other creditors, yet had not done so when he filed the instant Motion.[17]  Given that the Plan would likely not be confirmed because it is infeasible and not filed in good faith, the Debtor's case would likely be dismissed or reconverted if it were converted to one under Chapter 13.  Therefore, the Debtor does not meet the second prong of the test, and the case cannot be converted.

## CONCLUSION

For the reasons stated above, the Court ORDERS the Motion is DENIED.

Dated March 24, 2026                    BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[14] *Cranmer* B.R. at 1319 n. 5; *In re Robinson*, 987 F.2d 665, 668 n. 7 (10th Cir. 1993) ("In *In re Rasmussen* we recognized that 'relevant factors to the analysis of good faith after the 1984 amendments include 'whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentations to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code.'"; *In re Rasmussen* 888 F.2d 703, 704 n. 3 (10th Cir. 1989); *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1227 (8th Cir. 1987).

[15] ECF No. 73, § 4.1.

[16] ECF No. 1 at 30 & 33.

[17] The Debtor filed amended Schedules D and E/F on March 18, 2026. As of the date of this Order, the Trustee has not commented on whether the amendments are sufficient.