**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: | Case No. 25-13544 MER |
| Wilbur Arnold Young | Chapter 7 |
| Debtor. | |

**ORDER DENYING: (1) MOTION TO SHOW PAID OFF DEED; (2) MOTION FOR FRAUD; (3) MOTION TO REJECT TRUSTEE MOTION; AND (4) MOTION FOR STAY**

This matter comes before the Court on: (1) Motion to Show Paid of Deed; (2) Motion for Fraud; (3) Motion to Reject Trustee Motion; and (4) Motion for Stay (collectively, "**Motions**") filed by the Debtor.[1]  There were no responses to the Motions.

The Debtor commenced the instant bankruptcy case on June 10, 2025.  On the petition date, the Debtor owned a duplex located at 921-923 Emporia Street, Aurora, Colorado 80013 ("**Emporia Property**").  On March 26, 2026, U.S. Bank Trust National Association filed a motion for relief from stay as to the Emporia Property ("**Stay Relief Motion**").  The Debtor did not object to the Stay Relief Motion.  The Court held a hearing regarding the Stay Relief Motion on April 22, 2026, at which the Debtor failed to appear.  Because the Debtor did not object to the Stay Relief Motion and did not appear at the hearing, the Court granted the motion.[2]  On May 27, 2026, the Chapter 7 Trustee ("**Trustee**") filed a motion to compel the Arapahoe County Public Trustee to turn over the overbid proceeds from the sale of the Emporia Property ("**Turnover Motion**").[3]  The Court granted the Turnover Motion on June 15, 2026.[4]

The Debtor filed the Motions after the Stay Relief Motion was granted, and the Emporia Property was sold.  While the Motions appear to relate to the Emporia Property, the Court cannot decipher what relief, if any, the Debtor is requesting.  To the extent the Debtor is arguing the sale of the Emporia Property was improper, such issues must be addressed in state court because the Court no longer has jurisdiction over the property.[5]  To the extent the Debtor argues the Court should reconsider its orders

---

[1] ECF Nos. 137, 139, 144, & 152

[2] ECF No. 122.

[3] ECF No. 132.  Per the Turnover Motion, the Emporia Property was sold at public auction on May 20, 2026.

[4] ECF No. 141.

[5] *In re Crowder*, 314 B.R. 445, 448 (10th Cir. BAP 2004) ("As to jurisdiction, property interests of the bankruptcy estate are within the exclusive jurisdiction of the bankruptcy court; but the court's jurisdiction typically lapses when property leaves the estate . . .").

granting the Stay Relief Motion and/or the Turnover Motion; the Debtor has not set forth any grounds on which those orders may be reconsidered.[6]  Therefore, the Court

ORDERS the Motions are DENIED.

Dated July 15, 2026                                    BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[6] Fed. R. Civ. P. 59 (incorporated by Fed. R. Bankr. P. 9023); Fed. R. Civ. P. 60(b) (incorporated by Fed. R. Bankr. P. 9024); see *In re Ditto*, 645 B.R. 851, 852-53 (Bankr. W.D. Tex. 2016) (denying motion to reconsider because debtors cited no authority or grounds for reconsideration).