**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Wilbur Arnold Young<br><br>Debtor. | Case No. 25-13544 MER<br><br>Chapter 7 |

**ORDER DENYING MOTION TO RECUSE**

This matter comes before the Court on the Letter filed by the Debtor, *pro se*, on October 8, 2026.

**BACKGROUND**

The Debtor filed the instant bankruptcy case on June 10, 2025. On the petition date, the Debtor owned a duplex located at 921-923 Emporia Street, Aurora, Colorado 80010 (the "**Emporia Property**"). On March 26, 2026, U.S. Bank Trust National Association ("**U.S. Bank**") filed a motion for relief from stay to foreclose on the Emporia Property (the "**Stay Relief Motion**").[1] The Debtor did not object to the Stay Relief Motion, nor did he appear at the April 22, 2026, hearing on the motion. Accordingly, the Court granted the Stay Relief Motion, and the Emporia Property sold at public auction on May 20, 2026.[2] Since the Court granted the Stay Relief Motion, the Debtor has filed several documents with the Court. The documents are incomprehensible and appear to relate to the Emporia Property. However, the documents do not request any specific relief. The Court entered orders on these documents, each of which advised the Debtor the Court could not decipher the relief requested, if any, and that any issues related to the Emporia Property would need to be dealt with in state court since the property is no longer part of the Debtor's bankruptcy estate. Notwithstanding these orders, the Debtor filed another largely incomprehensible document on July 28, 2026, which the Court construed as a motion to dismiss the instant case (the "**Dismissal Motion**").[3] The Chapter 7 Trustee ("**Trustee**") objected to the Dismissal Motion. The Court held a hearing on the Dismissal Motion and the Trustee's objection thereto on September 30, 2026. The Debtor failed to appear at the hearing to defend the motion. As a result, the Court denied the Dismissal Motion.[4]

The Debtor filed the instant Letter on October 8, 2026. As with the Debtor's previous filings, the Letter is nearly impossible to decipher. However, the last line of the

---

[1] ECF No. 99.

[2] ECF Nos. 121 & 122.

[3] ECF No. 158.

[4] ECF Nos. 172 & 173.

letter states in part, "I want another judge to take motion on updates I send in."[5] The Court will construe this request as a motion to recuse Judge Michael E. Romero from this case (hereinafter "**Recusal Motion**").

## ANALYSIS

Section 455 of Title 28 provides that, "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[6] "In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."[7] Rather, the test in the Tenth Circuit is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.[8] The standard is an objective one, and the scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.[9] "Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record."[10]

The Tenth Circuit has stressed that § 455(a) "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[11] To help prevent "abusive invocation of the statute," the Tenth Circuit has provided a list of matters that will not ordinarily satisfy the requirements of § 455(a), including: (i) "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (ii) the mere fact that a judge has previously expressed an opinion on a point of law; (iii) prior rulings in the proceeding, or another proceeding solely because they were adverse; and (iv) baseless personal attacks on or suits against a judge by a party."[12]

The Court cannot decipher what arguments, if any, the Debtor makes to support his request that Judge Romero be recused from this case. To the extent the Debtor requests recusal because of the Court's denial of his prior motions, such request is improper. Indeed, a court's adverse rulings against a debtor cannot serve as a basis for recusal. If the Debtor wishes to dispute any of the Court's prior rulings, he must either appeal them or file a motion for reconsideration pursuant to Fed. R. Civ. P. 60

---

[5] ECF No. 176.

[6] 28 U.S.C. § 455(a). Any use of the term "Section" or "§" hereafter means Title 28 of the United States Code.

[7] *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (citing *Hall v. Small Business Admin.*, 695 F.2d 175, 179 (5th Cir. 1983); Susan B. Hoekema, comment, *Questioning the Impartiality of Judges: Disqualifying Federal District Court Judges Under 28 U.S.C. § 455(a)*, 60 Temp.L.Q. 697, 727 (1987)).

[8] *Id.* (quoting *U.S. v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)) (quotations omitted).

[9] *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).

[10] *Id.* at 1269-70

[11] *Cooley*, 1 F.3d at 993.

[12] *Id.* at 993-94.

(incorporated by Fed. R. Bankr. P. 9024). Furthermore, to the extent the Motion requests any relief as to the Emporia Property, the Court reiterates the findings in its prior orders that any issues concerning the property must be addressed in state court. The Court cannot and will not address any issues related to the Emporia Property because the property is no longer part of the bankruptcy estate.

**CONCLUSION**

Given the above, the Court

ORDERS the Motion is DENIED is without prejudice.

Dated October 20, 2026

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court